IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ALISSA DIEGO, | * |
| Plaintiff, | * |
| vs. | * |
| JUDGE ALLISON BURLESON, *in her official capacity as judge*; EIGHTH JUDICIAL ADMINISTRATIVE DISTRICT OF GEORGIA, OCMULGEE CIRCUIT; DEBORAH JACKSON, *in her official capacity as Clerk of Superior Court*; JEAN G. MANGAN, *in her official capacity as assistant district attorney*; SHERIFF DONNIE HARRISON, *in his official capacity as Greene County Sheriff*; GREENE COUNTY GOV'T; and BRETT COLBERT*, in his official capacity as chief probation officer, Judicial Alternatives of Georgia* | * * * * * * * * * CASE NO. 3:17-CV-81 (CDL) |
| Defendants. | * |

O R D E R

Plaintiff Alissa Diego, who is proceeding pro se, alleges that she was wrongfully prosecuted for and convicted of criminal trespass, subjected to unreasonable probation conditions, and made to serve her probation sentence after she appealed it. She also alleges that her appeal was blocked and that Defendants conspired to have her probation revoked. She brought this action seeking an injunction, compensatory damages, and punitive

damages against a superior court judge and various other officials. She also asserts claims against the Eighth Judicial Administrative District of Georgia and Greene County. There are three motions to dismiss pending before the Court. Diego did not respond to any of these motions. As discussed in more detail below, Diego's Complaint fails to state a claim upon which relief can be granted, so the three motions to dismiss (ECF Nos. 15, 18 & 25) are granted.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

FACTUAL ALLEGATIONS

Diego challenges "violations of her constitutional rights to be free from unreasonable seizures, double jeopardy, imprisonment without due process, and imprisonment for debt, intimidation, humiliation, emotional distress and mental distress." Compl. ¶ 4, ECF No. 1.

Diego's Complaint is not long on details, but she appears to allege that she was a defendant in a criminal proceeding before Judge Alison Burleson in the Superior Court of Greene County, Georgia. Diego asserts that unnamed Greene County deputies harassed her when she appeared at the Greene County courthouse. Judge Burleson found Diego guilty of criminal trespass. Diego disagrees with that finding, but she did not allege any specific facts to demonstrate that Judge Burleson erred in finding her guilty.

After announcing the conviction, Judge Burleson went into a conference room with Sheriff Donnie Harrison and a court reporter before pronouncing the sentence: "12 months of probation under the first offender statute." *Id.* ¶ 5(c). That sentence included a number of conditions, including "banishment from Greene County" and drug and alcohol testing. *Id.* ¶ 5(d).

Diego filed an appeal in the Georgia Court of Appeals on April 13, 2017. She asserts that her appeal "acts as a supersedeas" but that probation officer Brett Colbert, acting

pursuant to Judge Burleson's orders, required Diego to begin her probation sentence regardless of the appeal. *Id.* ¶ 5(e).

Diego filed a motion for "Injunction of Sentencing Pending Appeal," and Judge Burleson set a hearing but required that Diego continue serving her probation sentence pending a ruling on that motion. *Id.* ¶ 5(g). Diego appeared at 10:30 a.m. on the day of the hearing (there is no allegation on what time the hearing was supposed to be, but the Complaint implies that Diego was late despite her best efforts). Diego was told that the motion would not be heard and that she needed to refile it. *Id.* ¶ 5(h).

Diego alleges that the clerk of the Greene County Superior Court did not send the appeal to the Court of Appeals. Diego further contends that "Judge Burleson, with the aid of the Chief clerk Ms. Jackson, had been purposely blocking [Diego's] appeal." *Id.* ¶ 5(i).

At some point, Colbert filed a petition for revocation of Diego's probation. Diego asserts that there was a "conspiracy to make false allegations . . . to have [Diego's] probation revoked" and that Colbert lied in his petition for revocation of Diego's probation. *Id.* ¶ 5(j). The revocation hearing was scheduled for May 15, 2017; Diego filed this action that day. In filing this action, Diego anticipated that her probation would be revoked and that she would be sent to jail.

Diego asserts claims under the "Fourth, Fifth and Fourteenth Amendments" to the U.S. Constitution pursuant to 42 U.S.C. § 1983. *Id.* ¶ 3. She also asserts various state law claims, including claims under the Georgia constitution and claims for "conspiracy and malicious prosecution." *Id.* She seeks compensatory damages and an "injunction requiring the Defendants to respect the laws state and federal constitutions and laws [sic] and honor the stay of proceedings until the Appellate Court has rendered a decision on [Diego's] case." *Id.* at 6.

## DISCUSSION

Diego's Complaint appears to assert federal law claims based on her prosecution, conviction, and sentence on a misdemeanor criminal trespass charge. Defendants moved to dismiss the claims against them under a variety of alternative theories, including failure to state a claim. Instead of addressing all of the various immunity arguments, which are different for each Defendant and which do not necessarily impact Diego's claim for injunctive relief, the Court will focus on the issue common to all Defendants: whether Diego's Complaint fails to state a claim upon which relief can be granted.

**I. Malicious Prosecution Claim**

Diego's Complaint can fairly be read as attempting to assert a § 1983 malicious prosecution claim against at least one

5

of the Defendants. To establish such a claim, Diego must prove a violation of her "Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003) (emphasis omitted). The elements of the common law tort of malicious prosecution include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Id.* at 882 (citing *Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir. 1998)). Diego does not allege that the criminal proceeding in Greene County Superior Court terminated in her favor. Her § 1983 malicious prosecution claim thus fails and must be dismissed.

**II. § 1983 Challenge to Diego's Conviction and Sentence**

Diego's Complaint can also be fairly read as attempting to assert a § 1983 claim based on her conviction and sentence for criminal trespass. But the Supreme Court has held that "to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

6

corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487. In other words, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Here, Diego directly challenges the propriety and validity of her criminal conviction and sentence. A judgment in her favor on this § 1983 claim would necessarily imply the invalidity of her conviction or sentence. Diego does not allege that either the conviction or the sentence has been invalidated. Accordingly, under *Heck*, Diego may not pursue § 1983 damages claims based on her conviction and sentence. To the extent that Diego is attempting to pursue a conspiracy claim based on her prosecution, sentence, and conviction, it fails for the same reason.

**III. § 1983 Claim Based on the "Blocked" Appeal**

Diego's Complaint can also be fairly read as attempting to assert a § 1983 claim based on the conduct of Judge Burleson and Clerk Jackson in allegedly blocking her appeal to the Georgia Court of Appeals. Diego alleges that she filed an appeal in the Georgia Court of Appeals on April 13, 2017. Compl. ¶ 5(e);

Compl. Ex. A, Notice of Appeal, Apr. 13, 2017, ECF No. 1-1 at 1. She further alleges that Judge Burleson and Clerk Jackson blocked her appeal. Based on the Court's review of the docket system of the Georgia Court of Appeals, however, the Court takes judicial notice of the fact that Diego's appeal of her criminal trespass conviction (Case No. 2017 SU-CR-000119) is currently pending in the Georgia Court of Appeals as Case Number A17A2007; that appeal has an "Appealed Order" date of April 13, 2017 and a "Notice of Appeal" date of April 13, 2017.[1] Docket Information for Case No. A17A2007, http://www.gaappeals.us/docket/results_one_record.php?docr_case_num=A17A2007. So, despite Diego's allegations to the contrary, her appeal was not blocked. This claim thus fails.

**IV. Fifth Amendment Double Jeopardy Claim**

Diego invokes the Fifth Amendment's double jeopardy clause, but she did not make any factual allegations to suggest that she was "twice put in jeopardy." U.S. Const. amend. V. Any Fifth Amendment claim based on the double jeopardy clause is therefore dismissed.

---

[1] The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, the "Court may take judicial notice of publicly filed documents, such as those in state court litigation." *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015).

## V. Claim for Injunctive Relief

Finally, Diego's Complaint can be read as seeking an injunction, under § 1983, requiring Defendants to "honor the stay of proceedings until the Appellate Court has rendered a decision on the Plaintiff's case."[2] *Id.* at 6. As a preliminary matter, it does not appear that Diego is alleging a deprivation of her rights under the U.S. Constitution or federal law based on Judge Burleson's determination that Diego should begin serving her sentence even though she had appealed her conviction. Rather, Diego seems to be asserting that Judge Burleson did not follow state law when she directed that Diego begin serving her probation sentence in spite of the appeal. This is a question of pure state law, and § 1983 only imposes liability for deprivations of rights "secured by the Constitution and laws" of the United States, not liability for violations of state law that do not amount to a deprivation of rights secured under federal law. 42 U.S.C. § 1983.

Furthermore, even if Diego's Complaint could be read to allege a constitutional violation based on an alleged failure to

---

[2] To the extent that Diego is requesting an injunction that Defendants simply "respect the laws," that request must be denied. The Court cannot enter such a vague injunction. Under Federal Rule of Civil Procedure 65(d), every injunction must "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). The courts thus routinely reject injunctions that "do no more than instruct the [defendant] to 'obey the law.'" *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999).

honor a stay, Diego's Complaint does not establish that a stay actually existed. Diego asserts that O.C.G.A. § 5-6-35(h) applies to her case. That statute provides: "The filing of an application for appeal [under O.C.G.A. § 5-6-35(b) in certain types of cases listed in O.C.G.A. § 5-6-35(a)] shall act as a supersedeas to the extent that a notice of appeal acts as supersedeas." O.C.G.A. § 5-6-35(h). But Diego did not allege that she was appealing a decision in a case listed in O.C.G.A. § 5-6-35(a), and she also did not allege that she filed an application for an appeal under O.C.G.A. § 5-6-35(b). Therefore, O.C.G.A. § 5-6-35(h) does not apply. There is a statute that provides that a notice of appeal in criminal cases "shall serve as supersedeas in all cases where a sentence of death has been imposed or where the defendant is admitted to bail." O.C.G.A. § 5-6-45(a). Diego does not allege any facts to suggest that her sentence was bailable or that she requested and was granted an appeal bond, and she does not make any other allegations to suggest that O.C.G.A. § 5-6-45(a) applies to Diego's appeal of her misdemeanor criminal trespass conviction. Her claim for injunctive relief fails for this reason.

Furthermore, even if a stay did exist under Georgia law, the only Defendant who can "honor the stay" is Judge Burleson. Section 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's

judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. There is no allegation that Judge Burleson violated a declaratory decree or that declaratory relief was unavailable. For all of these reasons, Diego's Complaint does not state a valid claim for injunctive relief.

**VI. State Law Claims**

In addition to her federal law claims, Diego asserts various state law claims, although it is not entirely clear what they are. Given that the Court "has dismissed all claims over which it has original jurisdiction," the Court declines to exercise supplemental jurisdiction over Diego's state law claims. 28 U.S.C. § 1367(c)(3). Those claims are dismissed without prejudice.

CONCLUSION

For the reasons set forth above, the Court grants Defendants' motions to dismiss (ECF Nos. 15, 18 & 25).

IT IS SO ORDERED, this 29th day of September, 2017.

S/Clay D. Land  
CLAY D. LAND  
CHIEF U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA